Filed 11/12/25  P. v. Soto CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B340540 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA036418) |
| v. | |
| VICTOR SOTO | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ricardo R. Ocampo, Judge.  Affirmed.

Teresa Biagini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Victor Edgar Soto appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1] His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Soto filed a supplemental brief. We review the contentions Soto raises in his supplemental brief and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of the crime are in our previous nonpublished opinion, *People v. Soto* (Mar. 8, 2018, No. B270095). ~(2018 WL 1193004; Collins, Willhite, Manella)~ In 2015, Soto was charged with a murder and an attempted murder committed in 1996. (§§ 187, subd. (a), 664.) Following a jury trial, Soto was convicted of both counts. The jury further found that Soto personally used a firearm in the commission of both offenses (§ 12022.5, subd. (a)), and that the offenses were committed for the benefit of a criminal street gang. (§ 186.22, subd. (b)(5).) The trial court sentenced Soto to 100 years to life.

In January 2024, Soto filed a petition for resentencing under section 1172.6. The trial court found the petition facially sufficient, appointed counsel for Soto, and ordered the People to file a response. The People filed an opposition, asserting that Soto was ineligible for resentencing in part because "[n]either natural and probable consequences nor felony murder were applicable theories of liability to this case nor were those instructions read to the jury." Soto filed a reply.

After a hearing in which the court and counsel discussed the case and jury instructions, the court denied the motion. The

---

[1] All further undesignated statutory references are to the Penal Code.

court stated, "Only two theories were given, first and second degree murder under malice aforethought and first degree murder with directly aiding and abetting. No instruction [was given] on felony murder and actual probable consequences [*sic*], and [Soto] was identified as the actual and only shooter in this case." The court therefore found that Soto failed to make a prima facie showing of eligibility for relief under section 1172.6, and denied the petition.

Soto timely appealed.

## DISCUSSION

Soto's counsel filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. Soto was advised of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232), and he did so. We evaluate the arguments set forth in that supplemental brief. (See *id*. at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Soto's supplemental brief states that it is a summary of "how I am wrongly convicted of a crime from 1996 I did not commit." Soto asserts that the "evidence collected in this case in 1996, and used to convict in 2016 [*sic*] was untrustworthy, tainted, and insubstantial." Soto further contends his trial counsel committed multiple failures, including failing to: challenge an investigating officer with a *Pitchess*[2] motion, keep Soto informed about the case, challenge certain evidence and witnesses, and call a gang expert to testify.

---

[2] See *Pitchess v. Superior Court of Los Angeles County* (1974) 11 Cal.3d 531

Soto's supplemental brief thus challenges only issues relating to his trial and conviction. Such arguments are beyond the scope of what may be addressed on appeal following denial of a petition for resentencing. "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) Soto therefore has failed to demonstrate error with respect to the trial court's ruling on his section 1172.6 petition. (See, e.g., *People v. Gonzalez* (2021) 12 Cal.5th 367, 410 [it is the appellant's burden to affirmatively demonstrate error].)

We have also exercised our discretion to independently review the record. (See *Delgadillo, supra*, 14 Cal.5th at p. 232.) We conclude no arguable issues exist.

## DISPOSITION

The order denying relief is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, ACTING P. J.


We concur:


MORI, J.


VAN ROOYEN, J.[*]

---

[*] Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4